CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TASHA R. SMALLWOOD, for ) <br> KEVIN SMALLWOOD, deceased ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Civil Action No. 7:09cv00090 <br><br><br><br><br> By: Judge James C. Turk <br> Senior United States District Judge |

## MEMORANDUM OPINION
## ADOPTING REPORT AND RECOMMENDATION

Plaintiff Tasha Smallwood, for Kevin Smallwood, deceased, brought this action for review of Defendant Michael J. Astrue's ("the Commissioner") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). The Court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation (Dkt. No. 11), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge subsequently filed such a report, ultimately concluding that the Commissioner's conclusion was supported by substantial evidence and remand was not appropriate in the case. Plaintiff Tasha Smallwood timely filed Objections (Dkt. No. 21) to the Report and Recommendation (Dkt. No. 20). Having reviewed, *de novo*, the Report and Recommendation, the Plaintiff's objections thereto, and the pertinent portions of the record, the Court agrees with, and adopts, the Magistrate Judge's recommendation. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

I. Standard of Review

When objections are made to the decision of the Magistrate Judge on dispositive matters, this Court must undertake a *de novo* review of those portions of the decision to which objections were made. See 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. PRO. 72(b)(3); Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). In his Report and Recommendation, the Magistrate determined that substantial evidence supported the Administrative Law Judge's ("ALJ") conclusion that Smallwood's complaints of pain were not credible. Moreover, the Magistrate decided that there was no need for a remand, because the Residual Functional Capacity ("RFC") questionnaire completed by Dr. Hasz was sufficiently considered by the Appeals Council. The Plaintiff objected to both of the Magistrate's conclusions. First, Plaintiff argued that the ALJ failed to properly evaluate Smallwood's subjective reports of pain. Second, Plaintiff argued that the ALJ's assessment of Smallwood's RFC was not based on substantial evidence, and that the matter should be remanded for a further review of Smallwood's RFC in light of the new evidence. While the Court must evaluate both of the Magistrate Judge's conclusions *de novo*, the Court nonetheless limits its review of the Commissioner's decision to "determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

II. Substantial Evidence Supports Conclusion That Reports Of Pain Were Not Credible

Plaintiff has argued that Smallwood had medically determinable impairments which could reasonably cause pain. This does not answer the totality of the question of whether Smallwood was disabled by the pain. The ALJ must, instead, first determine whether Smallwood proved an underlying impairment that could reasonably be expected to produce the level of pain alleged. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). Then the ALJ must evaluate the intensity, persistence and limiting effects of the pain to determine the extent to which they

might be disabling to Smallwood. 20 C.F.R. §§ 404.1529, 416.929. The ALJ is not required to accept the subjective characterizations by the Plaintiff that the pain was disabling. It is the duty of the ALJ to fact-find and to resolve any inconsistencies between a claimant's alleged symptoms and his ability to do work. Smith v. Chater, 99 F.3d 635 (4th Cir. 1996). Here, although the ALJ concluded that Smallwood suffered an underlying impairment that could cause the pain alleged, the ALJ also found that Smallwood's claimed level of limitation was not supported by the objective evidence of the record. (R. 21.) Contrary to Plaintiff's argument, the ALJ did not simply discredit the pain allegations because they were "not confirmed by objective evidence of the severity of the pain." Craig, 76 F.3d at 593. The conclusion of the ALJ was that Smallwood's reports of pain were not credible, a conclusion supported by substantial evidence. Substantial evidence, in particular, supports findings that (1) Smallwood's condition showed improvement (R. 215); (2) his reports were inconsistent with physiological impairments (R. 229-31); (3) he engaged in activities inconsistent with his reports of disability (R. 389, 394); and (4) his complaints of pain were motivated in great part by drug-seeking and drug-abusing behavior (R. 255-264, 292-94, 297, 352, 407-09.) Thus, the ALJ's conclusion that Smallwood's reports of pain were not credible is supported by substantial evidence, and should be affirmed.

### III. Substantial Evidence Supports ALJ's RFC Assessment

Plaintiff also argued that the "Residual Functional Capacity questionnaire" completed by Dr. Michael Hasz did not support the ALJ's conclusion, and that the ALJ's conclusion was, therefore, not supported by substantial evidence. Plaintiff further contended that "absent another residual functional capacity assessment by an examining or treating physician...the Commissioner is not qualified to conclude that Smallwood's condition presented no significant limitation on his ability to work." Pl. Obj. at 4 (citing S.S.R. 96-8p). Plaintiff has imprecisely

conflated a medical source opinion, provided by "acceptable medical sources" with a RFC assessment, performed by the ajudicator. See S.S.R. 96-5p (describing Medical Source Statements and RFC Assessments). The ALJ performs the RFC Assessment, by considering, among other things, the medical source statements by physicians and care givers. Worse, Plaintiff seems to imply the questionnaire filled out by Dr. Hasz was a full fledged residual functional capacity evaluation, when even Dr. Hasz "noted that these figures were only estimates, as Smallwood had not completed a functional capacity evaluation, although one had been recommended." Mag. R&R at 15 (citing to R. 459-60.)

Accordingly, and contrary to Plaintiff's assertions, the ALJ was qualified to complete an RFC Assessment, in spite of the fact that Dr. Hasz's questionnaire was not filed until after the ALJ reached a decision. And although an "RFC Assessment must always consider and address medical source opinions," an ALJ is not required to blindly adopt a medical source opinion as controlling when it is "inconsistent with other substantial evidence in the case record." See S.S.R. 96-8p. Here, the Appeals Council thoroughly considered the questionnaire completed by Dr. Hasz, and concluded it did not provide a basis for changing the ALJ's decision. Thus, there is no need for a remand, even though Dr. Hasz's recently filed, retrospective, questionnaire is inconsistent with his earlier, contemporaneous, opinions. Moreover, substantial evidence supported the ALJ's comprehensive RFC assessment, which correctly put great weight on the contemporaneous treatment notes by his treating physician, Dr. Hasz, instead of the opinions of the state agency physicians. (R. 19, 382-88, 399-405.) In fact, evidence in the record indicated that Dr. Hasz had on two separate occasions recommended that Smallwood return to light duty work. (R. 226, 265.) Consequently, substantial evidence supports the ALJ's RFC Assessment, and the ALJ's decision should be affirmed.

IV. Conclusion

The Court has considered the objections of the plaintiff, reviewed the ALJ's opinion and the evidence in the record, and determined that the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence was correct and should be adopted. An appropriate order will be entered this date.

ENTER: This 29th day of April, 2010.

Hon. James C. Turk
Senior United States District Judge